UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD JAY BIANCHI, | CASE NO. C22-5957JLR-SKV |
| Petitioner, | ORDER |
| v. | |
| JERI BOE, | |
| Respondent. | |

## I.   INTRODUCTION

This matter comes before the court on the report and recommendation of United States Magistrate Judge Kate S. Vaughan (R&R (Dkt. # 12)), and *pro se* Petitioner Ronald Jay Bianchi's objections thereto (Obj. (Dkt. # 13)). Magistrate Judge Vaughan recommends denying Mr. Bianchi's 28 U.S.C. § 2254 habeas petition. (R&R at 1, 3; *see also* Pet. (Dkt. # 4).) Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the report and

//

ORDER - 1

recommendation, OVERRULES Mr. Bianchi's objections, and DENIES Mr. Bianchi's § 2254 petition.

## II. BACKGROUND[1]

Mr. Bianchi is a Washington State prisoner who is currently confined at the Clallam Bay Corrections Center in Clallam Bay, Washington. (*See* Pet. at 1.) He is currently serving a 1,131-month sentence for his 2019 convictions for two counts of robbery in the first degree, two counts of possession of stolen property in the second degree, one count of malicious explosion, one count of assault in the second degree, and three counts of attempted murder in the first degree. (*See* State Records (Dkt. # 8), Ex. 1; *see also* R&R at 2-6 (detailing the factual and procedural background to Mr. Bianchi's convictions).)

Mr. Bianchi now seeks federal habeas review of his 2019 convictions. (*See generally* Pet.) He identifies the following four grounds for relief in his petition: (1) the State's 2017 amendment of the charges against him, replacing the 1997 attempted felony murder charges with attempted murder charges, was not permissible because the statute of limitations had expired and the new charges were substantially broader than the original, timely charges (*id.* at 5, 16-31); (2) "Mr. Bianchi was denied his constitutional right to present a defense" when the trial court prohibited him from introducing allegedly admissible and critical testimony from his accomplice's girlfriend (*id.* at 7, 31-37 (explaining that the girlfriend would have testified to a statement made by his

---

[1] The court ADOPTS Magistrate Judge Vaughan's detailed discussion of the factual and procedural background of this case and does not repeat that background here. (*See* R&R at 2-6.)

accomplice, Mr. Brock)); (3) "[p]rosecutorial [m]isconduct [d]eprived Mr. Bianchi of a fair trial" (*id.* at 8, 37-46 (basing this claim on the prosecutor's alleged misstatement of law, misrepresentation of the defense's argument, and statement regarding holding Mr. Bianchi accountable)); and (4) trial counsel at Mr. Bianchi's second trial rendered ineffective assistance when she objected to inadmissible, prejudicial evidence on the wrong grounds (*id.* at 10, 46-49).

Magistrate Judge Vaughan recommends that the court deny Mr. Bianchi's § 2254 habeas petition with prejudice and deny a certificate of appealability because Mr. Bianchi is not entitled to federal habeas relief with respect to any of his asserted claims. (*See* R&R at 9-32.) First, Magistrate Judge Vaughan concluded that Mr. Bianchi's claim regarding the state court's resolution of the statute of limitations issue is not cognizable under 28 U.S.C. § 2254(d) because the claim does not implicate his federal constitutional rights and even if it could be construed as such, the state court's determination of state law is binding on this court. (R&R at 9-11.) Second, Magistrate Judge Vaughan concluded that Mr. Bianchi's claim regarding the exclusion of a witness's testimony failed because (1) Mr. Bianchi could not "show that the Washington Court of Appeals' decision upholding the exclusion of Mr. Brock's hearsay statement is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent" and (2) even if he could make such a showing, habeas relief is unwarranted given that Mr. Bianchi has not shown that "the omission of Mr. Brock's statement from his second trial had a 'substantial and injurious effect on the verdict.'" (*Id.* at 11-19 (quoting *Lunbery v. Hornbeak*, 605 F.3d 754, 762 (9th Cir. 2010)).)

1    Third, Magistrate Judge Vaughan concluded that each portion of Mr. Bianchi's
2    prosecutorial misconduct claim failed because the Washington Court of Appeals
3    reasonably determined that Mr. Bianchi did not show that the prosecutor's conduct was
4    improper or prejudicial. (*Id.* at 19-23 (noting that although the Court of Appeals did find
5    misconduct as to the misstatement of law portion of Mr. Bianchi's prosecutorial
6    misconduct claim, it found no prejudice).) Finally, Magistrate Judge Vaughan rejected
7    Mr. Bianchi's ineffective assistance of counsel claim because Mr. Bianchi failed "to
8    demonstrate that the Washington Court of Appeals' application of the *Strickland* [*v.*
9    *Washington*, 466 U.S. 668 (1984)] standard was unreasonable." (*Id.* at 28-31.)

    Mr. Bianchi timely objected to the report and recommendation. (*See* Obj.)

### III.   ANALYSIS

    A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Bianchi is proceeding *pro se*, this court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

    Mr. Bianchi challenges Magistrate Judge Vaughan's analysis of each of his asserted claims for relief, as well as her recommendation that the court deny a certificate

of appealability. (*See generally* Obj.) The court has considered Magistrate Judge Vaughan's recommendations de novo in light of Mr. Bianchi's objections. Mr. Bianchi's objections do not raise any novel issues that were not addressed by Magistrate Judge Vaughan's report and recommendation. Moreover, the court has thoroughly examined the record before it and finds Magistrate Judge Vaughan's reasoning persuasive in light of that record. The court independently finds that Mr. Bianchi is not entitled to federal habeas relief or a certificate of appealability with respect to any of his asserted claims for the same reasons set forth by Magistrate Judge Vaughan. Therefore, the court ADOPTS the report and recommendation in full.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court OVERRULES Mr. Bianchi's objections (Dkt. # 13) and ADOPTS the report and recommendation (Dkt. # 12) in its entirety;

(2) The court DENIES Mr. Bianchi's § 2254 petition (Dkt. # 4), DENIES a certificate of appealability, and DISMISSES this action with prejudice; and

(3) The court DIRECTS the Clerk to send copies of this order to Mr. Bianchi, to counsel for Respondent Jeri Boe, and to Magistrate Judge Vaughan.

Dated this 6th day of July, 2023.

JAMES L. ROBART
United States District Judge